UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

FILED
LODGED
RECEIVED
MAIL

DEC 07 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

RICKY M. ARNTSEN,
                Plaintiff,
        v.
Steven Clark,
James L. Cooper,
Seattle Police Dept.,
                Defendants.

CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. § 1983

**CV07 1967** JCC
MAT

07-CV-01967-CMP

**I. PREVIOUS LAWSUITS:**

The plaintiff, Ricky M. Arntsen, has not at any time brought any other lawsuits in any federal court in the United States.

**II. PARTIES TO THIS COMPLAINT:**

Comes now, Ricky M. Arntsen, before the United States District Court in the Western District of Washington, to bring this complaint against the following defendants:

1.) Steven Clark, badge #5987, who's official position is a Seattle Police Officer and is employed with the Seattle Police Dept., or was so at the time of this incident.

2.) James L. Cooper, badge #5339, who's official position is Police Detective and is employed with the Seattle Police Dept., or was so at the time of this incident.

3.) The Seattle Police Dept., who is the employer of the above named defendants.

PG. 1

III. JURISDICTION:

This complaint arises from an incident that took place in the city of Seattle, county of King, at 13450 Aurora Ave. N., thus giving this court proper jurisdiction.

IV. HISTORY:

Mr. Arntsen has previously filed a complaint with the Seattle Police Dept. against Officer Clark for his actions which violated Mr. Arntsen's civil rights. Mr. Arntsen received a reply to which it was stated that Clark denied any wrong doing, but was reminded by his superiors that he must remember to treat everyone professionally with courtesy and respect.

Dissatisfied with this result, Mr. Arntsen filed a tort claim with the City of Seattle seeking damages and reimbursement of funds. This claim was assigned to an adjuster, Campbell Husted, claim number C-77374. The adjuster, after several months, denied the claim, citing "qualified immunity."

Furthermore, because this was the second time within a 60 day period that Clark had lodged a false charge against Mr. Arntsen, Mr. Arntsen sought a restraining order against Clark, but received no reply from the court.

V. STATEMENT OF CLAIM:

On Dec. 13, 2005, Mr. Arntsen pulled up to the drive-thru window at a North Seattle Kentucky Fried Chicken. He ordered and purchased a meal and subsequently parked his car in a vacant parking space of the K.F.C. parking lot. After several bites of his meal he fell asleep while sitting in the driver's seat of his vehicle, exhausted from having been out all night with his brother and friends.

A concerned citizen noticed Arntsen asleep in his car and called the fire department to make sure Mr. Arntsen was o.k. When the fire department arrived Arntsen was aroused from his sleep by Lt. Kenneth Stuart, who was employed with the Seattle

Fire Dept. at that time. Mr. Stuart inquired of Mr. Arntsen if he was alright. Arntsen replied that he was fine. Lt. Stuart then asked why Arntsen was sleeping in his car. Arntsen explained that he'd been out all night with his brother and friends and was apparently unaware of how tired he was.

Lt. Stuart's tone became aggressive and Mr. Arntsen became unsure of the fireman's attitude. Thus, Mr. Arntsen informed Mr. Stuart that he did not need any medical attention, thanked Stuart and his colleagues for coming to check on him, and stated that he was leaving to go home. Arntsen reached for his ignition and realized that his car keys were gone. Arntsen asked Stuart if he had Arntsen's keys. He said that he did but declared that Arntsen could not have his keys back until he answered some questions. Arntsen asked, "What questions?" Stuart replied, "To begin with, what is your name?"

Mr. Arntsen gave Stuart his full name as well as date of birth, and, due to Stuart's agressiveness and attitude, insisted that if this inquiry were to go any further that the police should be called – intending that an officer be present to mediate. Stuart became agitated by Arntsen's request and asked Arntsen if he was sure that he wanted the police to be called. Mr. Arntsen replied that he just wanted his keys returned and to go home and believed it would be best to have an officer there.

While waiting for the police to arrive, Arntsen informed Stuart that he needed to use the restroom. As Mr. Arntsen attempted to get out of the vehicle, Stuart slammed the door closed, leaned against it with all of his weight, and told Mr. Arntsen that he had to remain in his car.

By this time, Arntsen was close to urinating in his pants and informed Stuart of this, and declared to Stuart that if he felt Arntsen had done something wrong or needed to be detained then he should inform the police. However, Arntsen declared to Stuart that he had done nothing wrong and again requested to be let out of his vehicle to use the bathroom.

PG. 3

Lt. Stuart continued to hold himself against Arntsen's car door, but in a state of urgency to use the restroom, Arntsen managed to push his car door open far enough to get out. Once outside of his vehicle, Mr. Arntsen went into the K.F.C., purchased a soft drink and asked the cashier to please direct him to the restroom.

There was a male patron waiting outside of the men's bathroom and stated to Arntsen that the restroom was occupied. Unable to hold it any longer, Mr. Arntsen knocked on the door of the women's restroom and, assessing that it was unoccupied, entered and relieved himself. Just as Mr. Arntsen made it to the restroom, the police arrived, came to the bathroom and asked Arntsen what was going on. Arntsen explained that he wasn't certain what exactly, other than he'd fallen asleep in his car, the fireman had his keys, he wanted to go home, but the fireman apparently had a problem and wouldn't let him leave so he asked for the police to be there so that the matter could be resolved.

The police asked Arntsen to return outside with them so they could sort everything out. Arntsen accompanied the officers outside where Lt. Stuart and the other firefighters were waiting. The police had Arntsen wait at one end of the building while they spoke with Stuart at the opposite end. After Stuart explained his version of events, the police called Arntsen over, returned his keys to him, and told him that he was free to go. At that very moment, Officer Clark sped into the parking lot, screeched to a stop, jumped out of his car, pointed at Mr. Arntsen, and said, "Ricky Arntsen! That's one of those guys that should still be locked up but got out of prison on that felony murder crap (referring to the <u>Andress</u> decision) and I've got an assault charge against him right now! THROW THE 'CUFFS ON HIM!"

Clark's actions caught everyone entirely off guard. The other police officers nor the firefighters could make sense of what was going on. In the event, Mr. Arntsen

PG. 4

was arrested and Clark took him to jail. Clark wrote a report alleging that Mr. Arntsen deliberately smashed Lt. Stuart's leg in his car door, causing Stuart great pain and injuring him to the point of needing medical attention.

In an attempt to get Stuart to go along with this, Clark impressed upon him that Arntsen had to be taken off the streets and should not have been allowed out of prison. However, Stuart made no complaint nor did he provide any statement that Mr. Arntsen had done anything wrong, against himself or otherwise. Furthermore, none of the other firefighters and none of the other police officers who were there prior to Clark, wrote reports nor made any claims that Arntsen had done anything wrong, harmed anyone that day, nor that Arntsen had engaged in any illegal activity. Officer Clark was the last person to arrive to the scene of the incident, yet he was the only one to file a report and to make allegations of wrongdoing.

Although there was nothing to corroborate Clark's report, the detective who was assigned the case for review and investigation, Detective James L. Cooper, filed with the court and/or the prosecutor's office a _Certification for Determination of Probable Cause_, declaring under penalty of perjury that Clark's allegation that Arntsen had assaulted Stuart was "true and correct." Based on this information, the prosecutor charged Mr. Arntsen with one count of third degree assault. After a series of events and court appearances, Arntsen was required to post a $100,000 bond in order to secure his release.

Mr. Arntsen's bond was posted through Lacey O'Malley Bail Bonds.

For the next 3½ months Mr. Arntsen was tormented with the threat of being sent to prison for, at least, the next 5 years for something he didn't do. This real threat of imprisonment, the actual probability of this result, based on Clark's actions and Detective Cooper's support and affirmation thereof, Mr. Arntsen and his family

PG. 5

suffered financial hardship as well as mental, emotional, and physical, stress and anguish in dealing with this false claim and facing the fears that Clark's actions caused day in and day out.

On or around March 9, 2006, Arntsen's attorney, Ramona Brandes, with her investigator, Ray Ward, in the presence of the prosecutor, Jim Ferrell, interviewed the alleged victim, Lt. Stuart. During that interview Stuart said Mr. Arntsen may have bumped his leg while Arntsen was getting out of his car, but, on a scale of 1-10, his level of pain was zero (0). Stuart also admitted that he tried to hold Arntsen in his car without reason and that Arntsen did ask for the police to be called.

After the interview the prosecutor, Jim Ferrell, filed a motion to dismiss the case with prejudice, citing that the dismissal of the false charge was "in the interest of justice." Superior Court Chief Judge Ronald Kessler signed the order to dismiss the charge on March 9, 2006.

Mr. Arntsen feels that it is noteworthy to point out that approximately two months prior to the above mentioned incident of Dec. 13, Officer Clark, on Oct. 5, 2005, arrested and brought forth a previous false charge against Mr. Arntsen, claiming that Arntsen had assaulted Clark in the presence of three other police officers. As a result, Mr. Arntsen was charged with a felony count of third degree assault and faced with a prison term of five years or more for that charge. Mr. Arntsen plead not guilty and went to trial.

During that trial each of the three police officers who were present when Clark said the assault occurred testified that they did not see Mr. Arntsen assault Clark at any time. The jury entered a verdict of "NOT GUILTY" of the false charge of assault that Clark claimed took place.

At the time of the Oct. 5 incident, throughout the investigation of that incident, and during

PG. 6

the trial, it was revealed that Officer Clark's actions of police misconduct were attributable to his prejudice towards Arntsen in association with Arntsen's criminal history and the Washington State Supreme Court's decision in *State v. Andress*, as Mr. Arntsen had been released from prison after serving twelve years based on the *Andress* decision.

At the trial for the Oct. 5 incident it was clearly established, beyond doubt, that Clark had lied and created the Dec. 13 assault of Kenneth Stuart. By the end of trial regarding the Oct. 5 allegation, the prosecutor, in his closing argument, referred to Officer Steven Clark as a *"rouge cop"*. (See Cause No. 05-1-11731-8 SEA)

## VI  CONSTITUTIONAL VIOLATIONS:

Officer Clark's misconduct, false report, false arrest, and wrongful imprisonment, against and of Ricky M. Arntsen violated Mr. Arntsen's constitutional rights under the Fourth, Fifth, and eighth Amendments, and the fourteenth Amendment.

## VII  RELIEF SOUGHT:

Mr. Arntsen seeks reimbursement of $10,000 (ten thousand dollars) that he and his family collectively paid to Lacey Omalley Bail Bonds for the 10% premium the company charged to post the $100,000 bond that Arntsen was held on in this matter.

Mr. Arntsen also seeks damages in the amount of $900,000 (nine hundred thousand dollars) for slander; police misconduct; abuse of authority; filing of a false report; wrongful arrest; wrongful imprisonment; each day spent in jail; the constant fear and uncertainty of the future; anxiety; stress; mental anguish; physical torment/decline in health; depression; ensomnia; financial strain; marital strain; etc.

PG. 7

Mr. Arntsen further seeks this court to order Officer Clark's suspension without pay for a period of time deemed appropriate by the court; for a report of misconduct to be placed in his official file; and for Officer Clark to be required to take some sort of accountability class and an anger management class.

Under penalty of perjury I declare that the foregoing is true and correct.

Signed and dated this 26th day of Nov., 2007.

Respectfully Submitted,

*Ricky M. Arntsen*

Ricky M. Arntsen,

Plaintiff.

RICKY M. ARNTSEN
#492419
Snohomish County Corrections
3025 Oakes Ave.
Everett, WA. 98201-3657

cc: District Court Judge (To be assigned)
    Clerk's Office
    Steve Clark
    James Cooper
    Seattle Police Dept.
    Ricky M. Arntsen

PG. 8

UNITED STATES DISTRICT COURT WESTERN
DISTRICT OF WASHINGTON

RICKY M. ARNTSEN,
    Plaintiff,

v.

STEVEN CLARK,
JAMES COOPER,
Seattle Police Dept.,
    Defendants

NAMES AND ADDRESSES
OF PARTIES TO BE SERVED

RE: CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. §1983

Comes now the plaintiff, Ricky M. Arntsen, pro se, presenting to this court the names and the addresses of the parties to be served in the above captioned matter. If this court is aware of the home addresses or other addresses that will better ensure service of this complaint, the plaintiff humbly employs this court to access and use that information in conjunction with service upon the defendants. The only address the plaintiff has for the defendants whereupon to serve this complaint is their place of work:

Officer
STEVEN CLARK, #5987
Seattle Police Dept.
610 Fifth Ave.
P.O. Box 34986
Seattle, WA. 98124-4986

Det. James L. Cooper, #5339
Seattle Police Dept.
610 Fifth Ave.
P.O. Box 34986
Seattle, WA. 98124-4986

Seattle Police Dept.
City of Seattle

Signed, Dated, & Sent this 5th day of Dec., 2007.

    Ricky M. Arntsen, Plaintiff

# CERTIFICATE OF SERVICE BY MAIL

In the matter of Ricky M. ARNTSEN, Plaintiff, v. Steven Clark, James Cooper, and the Seattle Police Dept., I hereby certify that I did deposit on this day into the United States Mail the following documents to the persons or entities outlined below:

One ORIGINAL COPY of the attached, and above captioned, CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. §1983 designated for the U.S. District Court Judge;

FIVE (5) Copies of said complaint, ONE for EACH of the following parties: ① for Steven Clark; ① for James Cooper; ① for the Seattle Police Dept.; and ② for the Court Clerk's use; and ① copy of the names and addresses of the parties to be served (for court clerk);

and ONE Original Copy of each of the following: APPLICATION TO PROCEED IN FORMA PAUPERIS, SUPPORTING DOCUMENTATION AND ORDER; Written Consent for Payment of Costs from any Recovery Under Local Rule CR 3(b); Acknowledgment and Authorization pursuant to 28 U.S.C. §1915; and a certified copy of Plaintiff's Inmate Account activity and balance. (ALL of the above mentioned documents were mailed on this day to: CLERK'S OFFICE, US COURTHOUSE, Lobby Level, 700 Stewart St., Seattle, WA. 98101-1271.)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. Signed, dated, and done this 5th day of Dec. 2007.

*Ricky M. Arntsen*
RICKY M. ARNTSEN, plaintiff

Ricky M. Arntsen
#492419
Snohomish County Corrections
3025 Oakes Ave.
Everett, WA. 98201

CLERK'S OFFICE
U.S. COURTHOUSE
LOBBY LEVEL
700 STEWART ST.
SEATTLE, WA. 98101-1271