01
02
03
04
05

06          UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
07                     AT SEATTLE

08  RICKY M. ARNTSEN,              )   CASE NO. C07-1967-JCC-MAT
                                   )
09        Plaintiff,                )
                                   )
10        v.                        )   ORDER STRIKING PLAINTIFF'S
                                   )   MOTION FOR ORDER
11  STEVEN CLARK, et al.,          )   INSTRUCTING JAIL TO PROVIDE
                                   )   ACCESS TO LIBRARY
12        Defendants.               )
    _____ )
13

14        Plaintiff is incarcerated in the Snohomish County Jail in Everett, Washington. He has

15  submitted a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that prior to his present

16  incarceration, his constitutional rights were violated by two Seattle police officers. (Complaint

17  at 2-7). In his complaint, plaintiff names these officers as defendants and also names the Seattle

18  Police Department ("SPD") as a defendant. On January 7, 2008, the Court issued an Order (Dkt.

19  No. 10) advising plaintiff that SPD may not be held responsible for the acts of its employees under

20  a *respondeat superior* theory of liability. *See Collins v. City of Harker Heights*, 503 U.S. 115,

21  121 (1992). The Court directed plaintiff to file an amended complaint within 30 days because he

22  had failed to allege that any constitutional deprivation he suffered was the result of a "custom or

policy" of SPD. *See Board of County Comm'rs v. Brown,* 117 S. Ct. 1382, 1388 (1997).

On January 15, 2008, plaintiff filed a motion for an Order that would direct the Snohomish County Jail ("Jail") to provide him with access to the Jail's law library. (Dkt. No. 11). Having reviewed the motion, and the balance of the record, the Court does hereby find and Order as follows:

(1) Plaintiff asserts that the Jail is unwilling to grant him access to its law library because it limits such access to two categories of inmates: (1) those who are representing themselves in a criminal case; and (2) those who are representing themselves in a civil action in which the inmate is challenging conditions of his confinement. (Dkt. No. 11, Attachment B). Because the instant lawsuit involves alleged constitutional violations that occurred before plaintiff's current incarceration, he does not qualify to use the law library under either of these two standards.

Plaintiff argues that the Jail's restrictive policy violates his rights under the First and Fourteenth Amendments. (Dkt. No. 11 at 4). However, the Court need not reach the merits of this question. The Jail is not a defendant in this action. "A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction." Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 2d* § 2956 at 335 (West 1995). Therefore, the Court cannot direct the Jail to provide library access to plaintiff.

The Court makes two additional observations: First, in the previous Order directing plaintiff to amend his complaint, the deficiency cited by the Court was plaintiff's failure to make any specific allegations that any constitutional deprivation he suffered was the result of a "custom

ORDER STRIKING PLAINTIFF'S MOTION FOR ORDER
INSTRUCTING JAIL TO PROVIDE ACCESS TO LIBRARY
PAGE -2

01  or policy" of SPD. This issue pertains to the *facts* underlying the case and thus does not require
02  plaintiff to conduct further legal research. Accordingly, plaintiff should be able to file an amended
03  complaint even if his access to the Jail's law library is restricted.

04  Second, if plaintiff wishes to pursue the law library issue further, he is advised to file a
05  separate action against the proper defendants. The present action is grounded upon allegations
06  of police misconduct which arose prior to plaintiff's present incarceration and which are wholly
07  unrelated to the law library matter. If the library issue were presented here, it would likely be
08  subject to severance by the Court. *See* Fed. R. Civ. P. 42(b); *Davis v. Mason Co.*, 927 F.2d 1473,
09  1479 (9th Cir. 1991), *overruled on other grounds*, *Davis v. City and Co. of San Francisco*, 976
10  F.2d 1536 (9th Cir. 1992).

11  (2) Accordingly, in light of the above, the Clerk shall STRIKE plaintiff's motion (Dkt.
12  No. 11) for an Order directing the Jail to provide access to its law library. Plaintiff's related
13  motion (Dkt. No. 7) is DENIED as moot.

14  (3) The Clerk shall send a copy of this Order to plaintiff, to counsel for defendants, and
15  to Honorable John C. Coughenour.

16  DATED this 18th day of January, 2008.

17
18                     _____
                       Mary Alice Theiler
                       United States Magistrate Judge
19
20
21
22

ORDER STRIKING PLAINTIFF'S MOTION FOR ORDER
INSTRUCTING JAIL TO PROVIDE ACCESS TO LIBRARY
PAGE -3