UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY M. ARNTSEN, ) | CASE NO. C07-1967-JCC-MAT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER RE: PLAINTIFF'S MOTIONS |
| ) | |
| STEVEN CLARK, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is a Washington state prisoner who is proceeding *pro se* in this action brought under 42 U.S.C. § 1983. On April 28, 2008, the Court issued an Order setting a pretrial deadline for discovery of July 1, 2008. (Dkt. No. 24). Both parties have filed motions for summary judgment. (Dkt. Nos. 26, 35). Recently, defendants filed a motion to stay further discovery pending resolution of the motions for summary judgment (Dkt. No. 39), and plaintiff filed a motion for an extension of time to conduct further discovery and also to prepare a reply to defendants' response to plaintiff's motion for summary judgment. (Dkt. No. 41). Having reviewed plaintiff's motion for an extension of time and defendants' motion to stay discovery, and the balance of the record, the Court does hereby find and ORDER as follows:

01    (1)     Plaintiff alleges in his complaint that his civil rights were violated by two Seattle 02 police officers when they arrested plaintiff in October and December of 2005. (Dkt. No. 18 at 2- 03 3). These arrests apparently led to a criminal trial at which plaintiff, who represented himself, was 04 able to question the officers about the arrests. (Dkt. No. 26, Attachment). Plaintiff attached 05 portions of the officers' testimony to his motion for summary judgment, which he filed on May 06 16, 2008. (*Id.*)

07          In light of the fact that plaintiff filed his motion for summary judgment six weeks before 08 the deadline for discovery elapsed, and the fact that plaintiff supported his motion with testimony 09 from his trial, it appears that further discovery is not necessary to resolve that motion. If, 10 however, upon consideration of plaintiff's motion for summary judgment, the Court determines 11 that further discovery would be helpful to the motion's resolution, the Court will consider 12 extending the deadline. Accordingly, the Court defers consideration of plaintiff's motion for an 13 extension of time to conduct discovery until the Court has resolved plaintiff's pending motion for 14 summary judgment. To the extent that plaintiff also requests additional time to file a reply to 15 defendants' response to his motion for summary judgment, plaintiff's request is DENIED as 16 untimely since it was filed ten days after the reply was due.[1]

17    (2)     Plaintiff is advised that defendants' motion for summary judgment is noted for July 18 11, 2008. (Dkt. No. 35). Accordingly, his response to the motion is due no later than **July 7,**

19

---

20  [1] Plaintiff's motion for summary judgment was noted for consideration on June 13, 2008. (Dkt. No. 26). Therefore, plaintiff's reply was due no later than June 13, 2008. *See* Local Rule 21 CR 7(d)(3). Because he filed his request for an extension of time after this deadline had passed, plaintiff must show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). However, plaintiff's motion 22 does not address this standard nor does it cite facts that would satisfy it.

ORDER RE: PLAINTIFF'S MOTIONS
PAGE 2

**2008.**

(3) Because the Court has deferred consideration of plaintiff's motion to extend discovery, and in view of the fact that the current deadline for discovery expires shortly on July 1, 2008, defendants' motion to stay discovery (Dkt. No. 39) while the motions for summary judgment are considered is DENIED as moot.

(4) The Clerk is directed to send a copy of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 26th day of June, 2008.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge