01
02
03
04
05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICKY M. ARNTSEN, | ) | CASE NO. C07-1967-JCC-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER RE: PLAINTIFF'S MOTIONS |
| | ) | |
| STEVEN CLARK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a Washington state prisoner who is proceeding *pro se* in this action brought under 42 U.S.C. § 1983. Plaintiff and defendants have each filed motions for summary judgment. On June 26, 2008, plaintiff filed a document entitled "Plaintiff's response to defendants' opposition to plaintiff's motion for summary judgment and motions to strike defendants' exhibits." (Dkt. No. 43). Although labeled a "response," this document is actually a reply to defendants' response to plaintiff's motion for summary judgment, and will be construed as such. On July 2, 2008 defendants filed a surreply that seeks to have plaintiff's reply stricken as untimely. (Dkt. No. 44). In addition, plaintiff filed several motions on July 9-10, 2008. (Dkt. Nos. 45-48).  Having reviewed the above-described pleadings, and the balance of the record, the Court does hereby find

ORDER RE: PLAINTIFF'S MOTIONS
PAGE 1

and ORDER as follows:

(1) Plaintiff's reply was due no later than the noting date of his motion for summary judgment, which was June 13, 2008. *See* Local Rule CR 7(d)(3). Accordingly, his reply was filed almost two weeks late. Nor has plaintiff shown "excusable neglect" to excuse the late filing *See* Fed. R. Civ. P. 6(b)(1)(B). Accordingly, the Clerk shall STRIKE plaintiff's reply (Dkt. No. 43) as untimely.

(2) Plaintiff's motion to voluntarily dismiss his claims under the Fifth Amendment and Eighth Amendment (Dkt. No. 45) is GRANTED.

(3) Plaintiff's motion to strike defendants' exhibits as irrelevant (Dkt. No. 46) is DENIED. The relevance of the exhibits is not grounds for striking them. The Court will assess their relevance as the Court considers the parties' pending motions for summary judgment.

(4) Plaintiff's motion to authenticate his own exhibits (Dkt. No. 47) is GRANTED.

(5) Plaintiff's motion file an "extended" (*i.e.*, overlength) brief (Dkt. No. 49) is GRANTED. The Clerk shall file plaintiff's opposition to defendants' motion for summary judgment, along with attached exhibits.

(6) Plaintiff's motion for extension of time to file his opposition to defendants' motion for summary (Dkt. No. 51) is DENIED as unnecessary. Plaintiff's opposition was due July 7, 2008. (Dkt. No. 42 at 2-3). The Court received the opposition on July 9, 2008; however, plaintiff's opposition is not untimely because under the "prison mailbox rule," a document submitted by a prisoner is deemed to be filed the day the document is delivered to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Here, plaintiff's certificate of service (Dkt. No. 50) states that he delivered the opposition to prison

officials on July 7, 2008, the day it was due.

(7)     On June 26, 2008, the Court issued an Order that deferred consideration of plaintiff's motion for an extension of time to conduct discovery until the Court had resolved plaintiff's pending motion for summary judgment. The Court has reviewed plaintiff's motion for summary judgment and will issue a Report and Recommendation resolving the motion shortly. Consequently, the Court now concludes that further discovery is not necessary to resolution of the motion for summary judgment and plaintiff's motion for an extension of time (Dkt. No. 41) is DENIED.

(8)     The Clerk is directed to send a copy of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 17th day of July, 2008.

                                              Mary Alice Theiler
                                              United States Magistrate Judge

ORDER RE: PLAINTIFF'S MOTIONS
PAGE 3