UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY M. ARNTSEN, ) | CASE NO. C07-1967-JCC-MAT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER STRIKING PLAINTIFF'S |
| ) | MOTION FOR SANCTIONS |
| STEVEN CLARK, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is a Washington state prisoner who is proceeding *pro se* in this action brought under 42 U.S.C. § 1983. Plaintiff and defendants have each filed motions for summary judgment. Plaintiff's motion (Dkt. No. 26) was noted for consideration by the Court on June 13, 2008 and defendants's motion (Dkt. No. 35) was noted for consideration on July 11, 2008. On July 15, 2008, plaintiff filed a motion for sanctions against defendants for allegedly lying in materials submitted in support of their motion for summary judgment. (Dkt. No. 54). Having considered the motion for sanctions and the balance of the record, the Court does hereby find and ORDER as follows:

(1) Plaintiff's motion for sanctions is not properly before the Court for two reasons:

01 First, plaintiff did not serve a copy of the motion for sanctions on defendants. Instead, he asks the
02 Clerk to "file or mail" copies of the motion to counsel for defendants. (Dkt. No. 54 at 6). Plaintiff
03 misapprehends the role of the Clerk. The Clerk's role is not to distribute copies of plaintiff's
04 motions to defendants's counsel. That duty rests with plaintiff, and he must certify to the Court
05 that he has satisfied that duty every time he files a pleading. See Fed. R. Civ. P. 5(a); Local Rule
06 CR 5(f). Second, plaintiff's motion for sanctions repeats an argument that plaintiff made in his
07 response to defendants's motion for summary judgment, attacking the credibility of defendant
08 James Cooper. Plaintiff asserts that defendants did not respond to this argument in their reply.
09 (Dkt. No. 48). Essentially, plaintiff's motion for sanctions is an attempt to file a surreply, for
10 which there is no provision in the Local Rules.

11 Because plaintiff's motion for sanctions fails to comply with these Local Rules, the Clerk
12 shall STRIKE the motion. *See, generally, King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)
13 ("*[p]ro se* litigants must follow the same rules of procedure that govern other litigants.")

14 (2) The Clerk is directed to send a copy of this Order to plaintiff, to counsel for
15 defendants, and to the Honorable John C. Coughenour.

16 DATED this 17th day of July, 2008.

Mary Alice Theiler
United States Magistrate Judge

ORDER STRIKING PLAINTIFF'S
MOTION FOR SANCTIONS
PAGE 2