UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY M. ARNTSEN, | CASE NO. C07-1967-JCC |
| Plaintiff, | |
| v. | ORDER DISMISSING § 1983 ACTION |
| STEPHEN CLARK, *et al.*, | |
| Defendants. | |

The Court, having reviewed Plaintiff's and Defendants' motions for summary judgment, responses thereto, the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, Plaintiff's objections thereto, and the balance of the record, hereby finds as follows.

Plaintiff has filed objections to Judge Theiler's R&R (Dkt. Nos. 61 and 62), to which the Court offers the following response. As a threshold matter, the Court agrees with the Magistrate Judge's construction of Plaintiff's claims and her conclusion that the existence of probable cause to arrest is the central issue presented.

As to the first arrest, Plaintiff vigorously argues that there was no probable cause to arrest

him for assaulting Officer Clark. However, Plaintiff concedes that there was probable cause to arrest him for assaulting Monica Green. (Objections 2 (Dkt. No. 61).) Judge Theiler properly noted: "the arrest is valid so long as the arresting officers had probable cause to arrest the suspect for *any* criminal offense." (R&R 7 (Dkt. No. 57).) Therefore, even if probable cause did not exist to support an arrest for assaulting Officer Clark, the arrest was still valid.

As to the second arrest, Plaintiff maintains that he opened the door to use the bathroom, not to hit Lieutenant Stuart in the leg. However, Plaintiff's subjective intent to commit an assault is not required in order to demonstrate that Officer Clark had probable cause to arrest him based on the information available at the time. Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). The Court looks to "the totality of the circumstances known to the arresting officers, [to determine if] a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). In this case, Officer Clark responded to a "help the firefighter" call, which he understood to mean that the firefighters needed immediate assistance. (Decl. 3 (Dkt. No. 38).) When Officer Clark arrived at the scene, he learned from Lieutenant Stuart that Plaintiff had used his car door to strike him in the leg. (*Id.*) Plaintiff offers no evidence to dispute that these representations were made and served as the basis for the arrest. Based upon the totality of the circumstances, there was a "fair probability" that Plaintiff had committed the crime of assault. Plaintiff has not shown that there is a genuine issue of material fact regarding the existence of probable cause.

Along with these findings, the Court hereby ORDERS as follows:

(1) The Court adopts the Report and Recommendation (Dkt. No. 57);

(2) Plaintiff's motion for summary judgment (Dkt. No. 26) is DENIED;

(3) Defendants' motion for summary judgment (Dkt. No. 35) is GRANTED;

(4) Plaintiff's Motion to Supplement Record and Pleadings and for Court's Order (Dkt. No. 63) and Plaintiff's Motion for Conference or Oral Argument (Dkt. No. 64) are both DENIED. The Court disagrees with Plaintiff that granting such requests would be "helpful" and/or help the Judge "reach[] a fair and just decision."

(5) The complaint and this § 1983 action are DISMISSED with prejudice; and

(6) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to Judge Theiler.

DATED this 29th day of August, 2008.

*(signature)*

JOHN C. COUGHENOUR
United States District Judge